UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



2003 OCT 29  A 11: 18

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| THOMAS E. ROARK, JOHN MORIN and DWIGHT OTIS, | CIVIL ACTION NO. 3:01CV02415 (AVC) |
| Plaintiffs, | |
| V. | |
| NATROL, INC. and ANDREW M. ESPOSITO, JR., | OCTOBER 28, 2003 |
| Defendants. | |

### MOTION TO COMPEL

The plaintiffs in the above-entitled matter hereby move the Court to compel defendant Natrol, Inc. to produce certain documentation in connection with the "due diligence" that it conducted prior to its acquisition of Prolab Nutrition, Inc. on October 8, 1999. In particular, regarding the period of time prior to its acquisition of Prolab, defendant Natrol should be compelled to disclose any internal analysis of, or opinion letters provided to it concerning, Prolab's labeling of its products and/or the efficacy of Prolab's products and whether or not the products of Prolab were compliant with applicable federal and state laws, together with all correspondence related thereto.

1

The defendant maintains that such material may be withheld from disclosure by virtue of the attorney-client privilege. However, legal advice is not privileged when a party claims that it has relied on the representations of another party concerning a matter about which it had previously received independent legal advice. Thus, under the circumstances of this case, in which the defendant claims that it reasonably relied on the plaintiffs' representations concerning the labeling and efficacy of Prolab's products, the defendant cannot shield from disclosure any communications, that it received prior thereto, opining as to whether Prolab's products met applicable labeling and efficacy standards. To conclude otherwise would allow the defendant to claim that it was misled by the plaintiffs' representations when it was in possession of its own internal analyses and advice demonstrating either that it did not, *in fact*, rely on the plaintiffs' representations or that it could not have *reasonably* relied on the same.

The existence of such documents and testimony in regard thereto was recently inquired into at the deposition of Elliot Balbert, the chairman, president, CEO and founder of defendant Natrol. At that deposition, Mr. Balbert was asked about the due diligence process in regard to Natrol's acquisition of Prolab. See Deposition, pp. 22-30. (The pertinent pages from the Deposition of Elliot Balbert

are attached to the accompanying memorandum of law as Exhibit A.) Mr. Balbert testified that defendant Natrol received expert guidance, including legal opinion, regarding its contemplated acquisition of Prolab. However, at his deposition, Balbert refused to testify as to whether any such advice from Natrol's counsel concerned the labeling of Prolab products. See Deposition, pp. 25-28. Counsel for the parties discussed the issue on the record at that time but were unable to come to a resolution in regard to the claim of privilege. See Deposition, pp. 26-28.

Likewise, the plaintiffs requested the production of similar documentation in Request No. 1 of their Second Set of Requests for Production Directed to Defendant Natrol, Inc. (dated November 8, 2002), which reads as follows:

> 1. Copies of all documents related to due diligence, including but not limited to all documents concerning marketing, advertising, labeling of Prolab products, including copies of any opinions secured by internal or external so-called experts regarding same, whether they be attorneys providing opinions in regard to compliance with state and federal regulations concerning labeling or marketing, unless otherwise claimed to be privileged, or doctors providing medical opinions about the safety or risks associated with a particular product.

However, defendant Natrol objected to that request. Although Natrol has produced a privilege log, a copy of which is attached to the accompanying

3

memorandum of law as <u>Exhibit B</u>, that privilege log does not provide an adequate description of the subject matter of the documents enumerated therein to allow the plaintiffs to determine whether any of the particular documents address the issue of product labeling, which is the subject matter of the defendant's allegations of misleading representations.

Finally, while the plaintiffs maintain that the defendant has waived any claim of attorney-client privilege in regard to its due diligence concerning matters about which it now asserts that it was misled by the plaintiffs' contractual representations, the plaintiffs have no objection to the redacting of such documentation so that it is germane only to the issues of labeling and efficacy of product and product claims, in that that is the area of dispute between the parties.

WHEREFORE, for these reasons, and for the additional reasons set forth in the accompanying Memorandum of Law In Support of Plaintiffs' Motion to Compel, the plaintiffs respectfully request that this motion to compel be granted, and that defendant Natrol, Inc. be compelled to produce the requested documentation.

PLAINTIFFS,

By_____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Federal Bar No. ct06215

### CERTIFICATION

This is to certify that on the 28th day of October, 2003, a copy of the foregoing was served upon:

Frank F. Coulom, Jr., Esquire
Jason M. Kuselias, Esquire
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Andrew M. Esposito, Jr.
3 Woodside Drive
Woodbridge, CT 06525

_____
Richard P. Weinstein

PROLAB\MOT COMPEL\LMV

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS E. ROARK, JOHN MORIN and DWIGHT OTIS, | : | CIVIL ACTION NO. 3:01CV02415 (AVC) |
| Plaintiffs, | : | |
| V. | : | |
| NATROL, INC. and ANDREW M. ESPOSITO, JR., | : | OCTOBER 28, 2003 |
| Defendants. | : | |

### AFFIDAVIT OF COUNSEL CONCERNING MOTION TO COMPEL

Richard P. Weinstein, having been duly sworn, deposes and says:

1. I am over the age of eighteen years.

2. I understand and believe in the obligations of an oath.

3. I am counsel for the plaintiffs in the above-entitled matter.

4. I make this affidavit pursuant to Local Rule 37(a)2 concerning the subject matter of the accompanying Motion to Compel.

5. I have conferred with counsel for defendant Natrol, Inc. in an effort in good faith to resolve by way of agreement the issues raised by the motion without the intervention of the Court but have been unable to reach such an agreement.

---------------------------------------
RICHARD P. WEINSTEIN

Sworn to and subscribed before me
this 28th day of October, 2003.

---------------------------------------
Leslie M. Vosburgh
Notary Public

L. M. VOSBURGH
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28, 2005

2