UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS E. ROARK, JOHN MORIN and DWIGHT OTIS, | CIVIL ACTION NO. 3:01CV02415 (AVC) |
| Plaintiffs, | |
| VS. | |
| NATROL, INC. and ANDREW M. ESPOSITO, JR., | JANUARY 8, 2004 |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS

This is a matter in which the parties have been attempting to complete a substantial amount of discovery in a limited time. To that end, the plaintiffs have relied on defendant Natrol, Inc. to produce requested documentation and identify appropriate witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure so that necessary discovery may be completed as conveniently and as quickly as possible. Unfortunately, defendant Natrol has gone to great lengths to frustrate those efforts, prompting the plaintiffs to file the accompanying Motion to Compel and For Sanctions.

This Memorandum of Law is submitted by the plaintiffs in support of the aforementioned motion, filed pursuant to Rule 37 of the Federal Rules of Civil Procedure,

which asks this Court for an Order compelling the defendant Natrol, Inc. (a) to produce the documentation referenced in the Notice of Deposition dated November 10, 2003 in regard to the designation of a witness to be deposed pursuant to Rule 30(b)(6), and (b) to produce an appropriate witness (or witnesses) with knowledge in regard to the items set forth in said Notice of Deposition pursuant to Rule 30(b)(6) notice, including a witness (or witnesses) who can answer specifically about the facts supporting the allegations of defendant Natrol's counterclaim. In support of their motion, the plaintiffs rely on the following facts and legal authorities.

Rule 30(b)(6) of the Federal Rules of Civil Procedure allows a party to name a corporate entity as a deponent "and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization." F.R.Civ.P. 30(b)(6). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf. . . . When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various

sanctions . . . ." Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 268 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000) (internal quotation marks omitted; citations omitted).

In the instant case, the plaintiffs originally sent notice of deposition of pursuant to Rule 30(b)(6) on December 2, 2002, which was re-noticed on February 27, 2003. Although that was done, the 30(b)(6) deposition was not actually taken as a result of numerous discussions between counsel to continue the 30(b)(6) deposition. In part, defense counsel represented that a deposition of Elliott Balbert, who is the President and CEO of the defendant Natrol, Inc., would either satisfy the requirements of Rule 30(b)(6) or would substantially narrow the scope of inquiry needed by way of a 30(b)(6) deposition. In actuality, that turned out not to be the case.

On October 9, 2003, with a deadline to complete discovery in the above-entitled matter then looming at the end of November, plaintiffs' counsel arranged to travel to Los Angeles, California to take the deposition of Elliott Balbert, who is the President and CEO of the defendant Natrol, Inc. On several previous occasions, when seeking to notice Mr. Balbert's deposition, Mr. Balbert was unavailable but eventually he did sit for his deposition in Los Angeles on October 9, 2003. The deposition revealed that there was substantial additional documentation required in regard to the dispute between the parties and, further, that the inquiry made of Mr. Balbert far from satisfied the scope of inquiry pursuant

to Rule 30(b)(6) that had been discussed between counsel on numerous prior occasions. In other words, notwithstanding the questions posed to Mr. Balbert, it became clear that one or more other Natrol representatives would still have to be identified by defendant Natrol in order to enable the plaintiffs to complete their inquiry pursuant to Rule 30(b)(6).

Additionally, during recesses at the Balbert deposition, and at its conclusion, assurances were provided by defense counsel, as well as by defendant Natrol's in-house general counsel, David Laufer, that the additional documentation requested would be forthcoming. In order to better identify the documentation sought by plaintiffs, plaintiffs' counsel sent a letter dated October 17, 2003 (a copy of which is attached hereto as <u>Exhibit A</u>) describing in detail the category of items that were to be produced. In subsequent discussions with defense counsel, representations were made that the items would be addressed, and any additional documentation would be properly produced.

On October 23, 2003, a new deposition notice was issued pursuant to Rule 30(b)(6). A copy of that Notice of Deposition is attached hereto as <u>Exhibit B</u>. Included with the Notice of Deposition was a production request that is consistent with the items set forth in the aforementioned letter of October 17, 2003 (<u>Exhibit A</u>). The new 30(b)(6) Notice of Deposition set the deposition for November 5, 2003. Again, defense counsel requested a continuance in part to permit the production of the items set forth therein. Thereafter, on

November 10, 2003, yet another notice for a 30(b)(6) deposition was sent to defense counsel, scheduling the 30(b)(6) deposition for December 5, 2003. (A copy of that Notice of Deposition is attached hereto as Exhibit C.) A series of e-mails between counsel followed (Exhibits C-1, C-2 and C-3), which once again led to a continuance of the 30(b)(6) deposition, with the hope that the December 17, 2003 deposition of Dennis Jolicoeur, who is the Chief Financial Officer of Natrol, Inc. and a member of its Board of Directors, might further answer some of the areas of inquiry otherwise to be the subject of the 30(b)(6) deposition that the plaintiffs had been trying to schedule and complete. A copy of Jolicoeur deposition notice is attached hereto as Exhibit D. It should be noted that the document requests set forth in the Jolicoeur deposition notice are the same as those set forth in the 30(b)(6) notice.

    However, on the day before Mr. Jolicoeur's deposition, that is, on December 16, 2003, the undersigned received a call indicating that no documentation would be produced by Mr. Jolicoeur. Notwithstanding the defendant's failure and refusal to produce the requested documentation, there was no point in canceling the Jolicoeur deposition, in light of the fact that Mr. Jolicoeur was already en route from California and in light of the fact that further delays could not be justified since a record had to be created to demonstrate to the Court the basis for the present motion.

A complete copy of the Jolicoeur deposition transcript is attached hereto as <u>Exhibit E</u>. In this memorandum of law, citations to pertinent portions of that transcript (<u>Exhibit E</u>) will be made as follows: "Tr.", followed by designation of the appropriate page or pages. Thus, for example, pages 128-131 of <u>Exhibit E</u> (that is, Tr., pp. 128-131) set forth statements of counsel at the deposition reflecting the procedural posture of the deposition and production of documents that is summarized in the preceding paragraph of this brief.

The plaintiffs have provided a complete copy of the Jolicoeur deposition because a review of that transcript will reveal that no meaningful effort was made by Jolicoeur or defendant Natrol to produce the documentation that the plaintiffs had requested (and defendant Natrol had agreed to produce) nearly two months earlier. It should also be noted that, at the time of the Jolicoeur deposition, the parties were under a Court order to complete discovery by January 5, 2004. (The plaintiffs had previously requested until the end of January, 2004, but that request had been opposed by defense counsel.) At present, the Court has amended the discovery schedule, allowing discovery until March 8, 2004.

In attempting to explain the lack of documents being produced at the deposition, Jolicoeur used as his excuse that, for the most part, he either did not have the documents in his immediate possession or that he had turned the document request over to corporate

counsel to secure the documentation. See, e.g., Tr., pp. 28-39 (Production Request Item 3); Tr., pp. 38-39 (Item 4); Tr., pp. 48-49 (Item 6); Tr., pp. 53-56 (Item 8); Tr., p. 58 (Item 9); Tr., p. 60 (Item 11); Tr., p. 62 (Item 13); Tr., p. 63 (Item 14); Tr., pp. 63-64 (Item 15); Tr. p. 99 (Item 25); Tr., pp. 99-100 (Item 27).  Yet, that is not an appropriate way of responding to production requests under Rule 34 of the Federal Rules of Civil Procedure.[1] Rule 34 requires the production of documents "which are in the possession, custody *or control* of the party upon whom the request is served." F.R.Civ.P. 34(a)(1) (emphasis added). Thus, the fact that a document is not within a party's immediate possession or custody is of no moment where the document is deemed to be within the party's control because it has the legal right, or even just the practical ability, to obtain the documents from another upon demand.  See In re Legato Systems, Inc. Securities Litigation, 204 F.R.D. 167 (N.D. Cal. 2001); Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D. Minn. 2000). Of course, where the deposition is conducted pursuant to Rule 30(b)(6), then the question is not whether the documents are available or obtainable by the deponent individually, but whether they are within the "possession, custody or control" of the

---

[1]  F.R.Civ.P. 30(b)(5) allows a notice of deposition to be "accompanied by a request made in compliance with Rule 34 for the production of documents . . . at the taking of the deposition. The procedure of Rule 34 shall apply to the request." Thus, Rule 34 would apply to documents requested in connection with the deposition of an officer of corporate defendant as a result of a notice pursuant to Rule 30(b)(6) or otherwise.

defendant corporation, of whom the deponent is but a designee acting in a representative capacity.

The following specific examples further demonstrate that Jolicoeur's (and defendant Natrol's) compliance with the document requests is wholly inadequate. The Court will note in the deposition transcript, on pages 20 through 25, the inquiry in regard to one of the first items requested dealing with advertising expenditures, and that Jolicoeur had never even made request of the documentation from the company's own agent, the individual at Prolab, subsidiary of Natrol. Further, of particular note, is the fact that even though Jolicoeur is and was a member of the Board of Directors and notwithstanding that he would have access to all minutes of Board meetings (Tr., pp. 29-30), he made no attempt to review the minutes to produce minutes responsive to Item Nos. 3, 4, 5 and 6, all dealing with matters considered by the Board of Directors. (Tr., pp. 29-38, 38-39, 40-45, 48-49.) Further, Mr. Jolicoeur claims that he is not even aware of the methodology used for taking minutes at the Board meeting; whether or not stenographic or tape recordings of actual discussions are maintained as opposed to summary minutes. (Tr., pp. 31-32.) This further frustrates the plaintiffs' efforts to identify the universe of documents available for discovery within the timeframes established by the Court.

Ironically, as noted above, at numerous points during the deposition, Jolicoeur

attempted to explain his failure to produce the requested documents by stating that he had turned the document request over to corporate counsel to secure the documentation. See, e.g., Tr., pp. 37-38 (Production Request Item 3); Tr., Tr., pp. 53-54 (Item 8); Tr., p. 58 (Item 9); Tr., p. 60 (Item 11); Tr., p. 62 (Item 13); Tr., p. 63 (Item 14); Tr., pp. 63-64 (Item 15); Tr. p. 99 (Item 25); Tr., pp. 99-100 (Item 27).  Yet, Natrol's in-house attorney was present during Mr. Jolicoeur's deposition (Tr., pp. 1, 37), and not only did Mr. Jolicoeur produce no documents, but neither did defendant Natrol though its in-house attorney or otherwise.

Moreover, the deponent Jolicoeur wrongfully invoked the attorney-client privilege throughout the deposition.  The defendant Natrol, in its counterclaim, appears to claim that the plaintiffs did not disclose certain unspecified liabilities at the time of the sale of Prolab to Natrol and that the plaintiffs did not properly label their Prolab products, and that such acts caused injury to Natrol.  Jolicoeur testified that he is aware of the facts underlying Natrol's counterclaim. (Tr., pp. 6-7.)  Yet, when inquiry was made, the deponent Jolicoeur failed and refused to provide any factual basis for the counterclaim, arguing instead that such information was cloaked with the attorney-client privilege. (Tr., pp. 7-18.)  As the Chief Financial Officer of Natrol and a member of its Board of Directors, and, more importantly, as a representative of defendant Natrol pursuant to Rule 30(b)(6), the

deponent is not entitled to invoke the attorney-client privilege simply because he discussed the facts underlying the defendant's counterclaim with counsel, even if his only knowledge of those facts comes from such discussions with counsel. Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 29, 33-34 (D. Conn. 2003). The deponent's refusal to answer these questions, and the defendant's position that a corporate officer and director's knowledge of the facts supporting its legal claims is somehow privileged information is nothing short of a dilatory tactic that should not be tolerated.

Likewise, the deponent improperly relied on a claim of attorney-client privilege in regard to certain a business analysis that he performed regarding Natrol's acquisition of Prolab from the plaintiffs. The deponent testified that he prepared a discounted cash flow analysis in connection with the acquisition of Prolab by Natrol to provide justification for the purchase price. (Tr. pp. 82-85, 88.) Yet, the deponent wrongfully claims that analysis to be privileged because he discussed the contents of the discounted cash flow analysis with counsel assisting in the acquisition. (Tr., pp. 65-68.) Clearly, a discounted cash flow analysis is a business analysis, and the document reflecting the same is a business document, not a legal document. The defendant has demonstrated no justification as to why that document should not be produced. Moreover, it has not been set forth on any privilege log, nor have any other documents which would directly or indirectly fall within the

items requested by way of the notice of deposition been listed in any privilege log, with the exception of a series of opinion letters, which opinion letters are already the subject of a separate motion to compel that has been briefed by the parties and is awaiting adjudication by the Court.

Under Rule 30(b)(6), a corporate deponent has an "affirmative duty" to produce a witness, or witnesses, who can give "complete, knowledgeable and binding answers on its behalf" regarding the areas of inquiry identified in the deposition notice. Reilly, 181 F.3d at 268. However, to date, defendant Natrol has, several times, failed and refused to designate witnesses competent to address the topics identified in the Rule 30(b)(6) notice. Instead, it has, contrary to the rules of procedure, attempted to shift the burden to the plaintiffs by suggesting that various witnesses to be deposed might also suffice for 30(b)(6) purposes. See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 210 F.3d 1, 17 (1st Cir. 2000) (corporation violated Rule 30(b)(6) when it attempted to shift burden back to party noticing deposition as to who should testify for corporation regarding subject matter identified in 30(b)(6) deposition notice). To a limited extent, the plaintiffs have permitted this deviation from the rules in the good faith belief that the depositions of Balbert and Jolicoeur might obviate the need for, or at least narrow the scope of, any further Rule 30(b)(6) inquiry. Yet, that clearly has not been the case since the witnesses identified by

11

defendant Natrol have not been willing or able to be responsive to the areas of inquiry identified in the Rule 30(b)(6) notice. Rule 30(b)(6) obligates a designated witness to prepare for the deposition so that all areas of inquiry identified in the notice may be responded to intelligently and completely. Sony Electronics, Inc. v. Soundview Technologies, Inc., 217 F.R.D. 104, 111-12 (D. Conn. 2002). "Corporations, partnerships, and joint ventures have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan. 1999); see also The Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997) ("Producing an unprepared witness is tantamount to a failure to appear."). Clearly, then, "the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf"; Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., 228 F.3d 275, 303 (3rd Cir. 2000); and "inadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings." United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996); accord Black Horse Lane Assoc., 228 F.3d at 304; Reilly, 181 F.3d at 268. Thus,

gaps in a deponent's knowledge, as well as evasive answers, regarding the specific topics included in the Rule 30(b)(6) notice demonstrate a failure to comply with the requirements of Rule 30(b)(6). Sony Electronics, 217 F.R.D. at 112. Furthermore, contrary to the position taken by Jolicoeur (and defendant Natrol) at the deposition (Tr., pp. 6-18), it is entirely appropriate to expect and require that a Rule 30(b)(6) deponent will testify as to *the facts* underlying the corporate defendant's contentions in the case, particularly those forming the basis for a counterclaim, *notwithstanding that some or all of those facts may have been provided to the deponent by the defendant's attorney as part of the preparation for the 30(b)(6) deposition or otherwise.* Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 29, 33-34 (D. Conn. 2003). Consequently, notwithstanding defense counsel's suggestion that Mr. Jolicoeur's deposition might be able to satisfy the requirements of Rule 30(b)(6) and obviate the need for further inquiry pursuant to Rule 30(b)(6), it is clear that that is not the case.

Notwithstanding the limited timeframe that the parties have to complete discovery, the defendant Natrol has for months imposed roadblocks in regard to completing the discovery process. Rather than cooperating, as is its obligation consistent with the spirit of the federal rules concerning discovery, defendant Natrol has engaged in stonewall tactics, refusing to provide requested documents and responsive witnesses. Even though the

Court has now extended discovery until March 8, 2004, the plaintiffs are not in a position to complete discovery without the cooperation of defendant Natrol in conformity with the applicable discovery rules, which thus far has been sorely lacking over the last several months.

Accordingly, based on the aforementioned facts and law, the plaintiffs should be granted the following relief:

1. An order compelling the defendant Natrol to produce, within one (1) week from the date of the Court's order, all outstanding documentation requested pursuant to the Rule 30(b)(6) Notice of Deposition dated November 10, 2003 (<u>Exhibit C</u>);

2. An order compelling the defendant Natrol to produce witness(es) in Connecticut who is (are) able to respond to all of the areas of inquiry set forth in the Rule 30(b)(6) deposition notice and, in particular, who can provide testimony in regard to the allegations of the defendant Natrol's counterclaim;

3. An order imposing sanction in the amount of $5,000 for the considerable time and attention that has been expended by plaintiffs' counsel in attempting to pursue these issues over the last several months due to the expedited discovery timeframe in this case.

PLAINTIFFS

By _____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215

15