UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 16  P 2:30

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| THOMAS E. ROARK, JOHN MORIN and DWIGHT OTIS, | CIVIL ACTION NO. 3:01CV02415 (AVC) |
| Plaintiffs, | |
| VS. | |
| NATROL, INC. and ANDREW M. ESPOSITO, JR., | OCTOBER 17, 2003 |
| Defendants. | |

### AMENDED ANSWER TO DEFENDANT NATROL'S COUNTERCLAIM

1.  Admitted.

2.  Plaintiffs can neither admit nor deny, in that the Agreement speaks for itself.

3.  The plaintiffs have insufficient knowledge, in that the defendant Natrol has failed, neglected and refused to timely provide documentation to plaintiffs, although purportedly documents have now been provided to plaintiffs as a result of the defendant's alleged compliance with discovery.

4.  The plaintiffs have insufficient knowledge upon which to form a belief, and therefore leave the counterclaim plaintiff Natrol to its proof.

5-7.   Denied.

8. Admitted that Natrol made demand for indemnification, although the demands are not consistent with Natrol's obligations under the Agreement, and/or the obligation of good faith and fair dealing, in that the demands were inadequate and untimely, and the defendant Natrol has failed, neglected and refused to timely provide documentation to allow the plaintiffs to evaluate the purported claims, and determine the nature and extent of any defense that the plaintiffs would afford to the defendant in regard to said claims.

9-10. Denied.

### BY WAY OF AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The defendant Natrol has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The defendant Natrol is estopped from asserting the indemnity provisions referenced in the counterclaim, in that it failed and neglected to adequately and timely invoke the indemnity provisions under the contract, and failed to timely and adequately provide supporting documentation in regard to

the alleged claims to allow the plaintiffs to evaluate said claims and determine whether or not and in what manner said claims would be defended.

THIRD AFFIRMATIVE DEFENSE

The conduct and actions of the defendant Natrol as encompassed within the Second Affirmative Defense constitute a waiver of its right to indemnification for the reasons aforesaid.

FOURTH AFFIRMATIVE DEFENSE

One or more of the claims asserted by way of indemnification were asserted beyond the time prescribed in the contract for such claims, and therefore are time barred based on the terms and provisions of the contract.

FIFTH AFFIRMATIVE DEFENSE

The defendant Natrol breached the obligation of good faith and fair dealing in failing to timely and adequately advise the plaintiffs of the purported claims and in failing to timely and adequately provide the documentation to the plaintiffs to allow the plaintiffs to determine and evaluate the claims, and what actions, if any, the plaintiffs would take in regard to said claims.

SIXTH AFFIRMATIVE DEFENSE

The defendant has failed to mitigate damages in regard to its counterclaim.

SEVENTH AFFIRMATIVE DEFENSE

The defendant is estopped from asserting one or more of the claims in its counterclaim, in that the defendant knew prior to acquisition of Prolab of labeling and advertising issues and had in fact reduced the purchase price by approximately $4 million at least in part to account for same, and during the acquisition process and, thereafter, the defendant reviewed the labels and advertising material to satisfy itself as to the efficacy of same, and adopted and/or modified the labels and advertising material for said products in accordance with the advice and direction received from its own advisors.

EIGHTH AFFIRMATIVE DEFENSE

Any damages sustained by the defendant in regard to its counterclaim are as a result of intervening cause or causes, not as a result of the representations made by the plaintiffs.

NINTH AFFIRMATIVE DEFENSE

The defendant did not, and could not reasonably, rely upon the representations alleged in the counterclaim, in that the defendant sought and obtained independent advice in regard to products, labeling, trademarks and other related issues by use of several outside legal firms, as well as receiving advice in regard to the same internally.

TENTH AFFIRMATIVE DEFENSE

The defendant, subsequent to its acquisition of Prolab, changed the marketing, advertising, design and distribution of Prolab products, and hence to the extent that there is any liability or responsibility in regard to the alleged claims, there must be a proration between the conduct of the plaintiffs and the conduct of the defendant as to responsibility and damages resulting therefrom.

ELEVENTH AFFIRMATIVE DEFENSE

Since the defendant had knowledge of the alleged labeling and/or advertising issues of which it now complains, yet consummated the acquisition of Prolab, same represents a waiver in regard to the purported representations referenced in the counterclaim.

PLAINTIFFS,
THOMAS E. ROARK, JOHN MORIN
and DWIGHT OTIS

By_____
Richard P. Weinstein of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Federal Bar No. ct06215

## CERTIFICATION

This is to certify that on the 17th day of October, 2003, a copy of the foregoing was served upon:

Frank F. Coulom, Jr., Esquire
Jason M. Kuselias, Esquire
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

Andrew M. Esposito, Jr.
3 Woodside Drive
Woodbridge, CT  06525

_____
Richard P. Weinstein

PROLAB\AMD ANSWER CC\LMV

1